1  DAYLE ELIESON
   United States Attorney
2  CHAD W. MCHENRY
   Assistant United States Attorney
3  District of Nevada
   KELLY PEARSON
4  Trial Attorney
   501 Las Vegas Blvd. South, Suite 1100
5  Las Vegas, Nevada 89101
   (702) 388-6336
6  Chad.W.McHenry@usdoj.gov
   Kelly.Pearson@usdoj.gov
7
   *Representing the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| **United States of America**, | Case No. 2:17-cr-306-JCM-PAL |
| Plaintiff, | |
| v. | **Stipulation for Temporary Protective Order** |
| **Svyatoslav Bondarenko,** *et al.*, | |
| Defendants. | |

It is stipulated and agreed between the parties, DAYLE ELIESON, United States Attorney for the District of Nevada, CHAD W. MCHENRY, Assistant United States Attorney, and KELLY PEARSON, Trial Attorney, for the Plaintiff; and Defendants SERGEY MEDVEDEV and his counsel, LANCE MANINGO, ESQ.; FREDERICK THOMAS and his counsel, MAYSOUN FLETCHER, ESQ.; VALERIAN CHIOCHIU and his counsel, ALAN EISNER, ESQ.; JOHN TELUSMA

and his counsel, CRANE POMERANTZ, ESQ.; JOSE GAMBOA and his counsel, THOMAS ERICSSON, ESQ.; PIUS WILSON and his counsel, TODD SPODEK, ESQ.; and DAVID VARGAS and his counsel, BRIAN PUGH, Assistant Federal Public Defender, that this Court issue a temporary Order protecting from disclosure to the public any data within the Government's discovery containing personally-identifying information ("PII") or other sensitive financial data, including, but not limited to, the Social Security numbers, driver's license numbers, dates of birth, addresses, and financial account numbers and logins, of participants, witnesses and victims in this case. Such documents shall be referred to as the "Protected Data." The parties jointly request that this Court issue a temporary Order placing certain restrictions on the use of the remainder of the discovery that does not constitute "Protected Data" under these terms (the "Discovery"). Finally, the parties jointly request that the Court exempt from its temporary Order any information and documents within the Discovery that are already in the public domain.

In support of this stipulation, the parties state as follows:

1.1. The charges in this case are based in part on allegations of widespread trafficking in PII and in sensitive financial data by members of the Infraud Organization, who obtained, used, transferred, and sold this data for financial gain.

1.2. The discovery in this case is anticipated to consist of multiple terabytes of computer data, comprised of varying types of records, to include computer databases, email account contents, websites, and forensic images of digital devices.

1.3. The parties agree that due to the nature of the allegations and the investigation, the Protected Data is intertwined in the entire body of discovery in a way that is not feasibly and entirely segragable.

1.4. This case has been previously designated a complex case under LR 16-1(a). ECF No. 381. The previously-set trial date in the case has been vacated, and no trial date has yet been set, pending a scheduling conference on May 1, 2018. *Id.*

1.5. The parties conferred in an attempt to reach a workable resolution regarding a protective order to govern access to the discovery in this case. Although the parties are mostly in agreement as to the contents of such an order, the parties disagree regarding the conditions outlined in paragraph 2.3.

1.6. Specifically, the defense team has concerns regarding whether the proposed limitations in paragraph 2.3 would be workable logistically, particularly given that their clients live out-of-state and/or are currently incarcerated.

1.7. Conversely, the Government is gravely concerned with granting defendants in this case unfettered and unsupervised access to discovery, given the nature of the allegations, prior violations of pretrial release conditions by defendants in other cases, the easily-disseminable digital nature of the discovery, and the sensitive and private nature of much of the data within the discovery.

In light of these circumstances, the parties would stipulate to the following Temporary Protective Order regarding the use and/or dissemination of the Discovery and the Protected Data:

2.1. The United States will provide the Discovery and the Protected Data to counsel for the Defendants ("the defense"), and/or to a Court-designated coordinating discovery attorney ("CDA"), as-is and without redaction.

2.2. The defense and the CDA shall restrict access to the Discovery and the Protected Data to persons authorized by the Court ("authorized persons"), namely, the defendant; attorney(s) of record and attorneys' paralegals, investigators, experts, secretaries, file clerks, law clerks, contractors, vendors, IT personnel, and other support staff employed by the attorney(s) of record; the CDA; and to any persons authorized by subsequent order of the Court.

2.3. The defendants shall not be provided a copy of the Protected Data, and may only review the Protected Data under the supervision of defense counsel. To the extent defense counsel wish to provide specific excerpts of the Discovery that do not contain Protected Data to their clients for review, this is permissible.

2.4. The following restrictions are placed on access to the Discovery and the Protected Data by any person granted access to the Discovery and the Protected Data under this stipulation, unless and until further ordered by the Court:

    a. These persons shall not make copies of the Discovery and the Protected Data for, or knowingly allow copies of any kind of the Discovery and the Protected Data be made for, any person who is not an authorized person;

    b. These persons shall take reasonable steps to protect against allowing copies of any kind of the Discovery and the Protected Data to be made for any person who is not an authorized person under this stipulation;

  c. These persons shall not knowingly allow any other person who is not an authorized person to read the Discovery and the Protected Data, and shall take reasonable steps to prevent any person who is not an authorized person from reading the Discovery and the Protected Data; and,

  d. These persons shall not use the Discovery and the Protected Data for any purpose other than preparing to defend against the charges in the above-captioned case, at trial or in any related judicial proceeding.

 2.5. The defense and the CDA shall inform any person to whom they disclose the Discovery and the Protected Data, or to whom they know the defendant has disclosed the Discovery and the Protected Data, of the existence and terms of this Court's order, and shall provide a copy of this order. Further, the defense and the CDA shall take reasonable measure to inform any person to whom disclosure may be made pursuant to this Court's order of the existence and terms of this order.

 2.6. These restrictions shall not restrict the use of the Discovery and the Protected Data during the trial or during other judicial proceedings in this matter.

 2.7. For purposes of exemption from this Order, "public domain" means information which is published and which is generally accessible or available to the public, *see United States v. Gowadia*, 760 F.3d 989, 996 (9th Cir. 2014):

  a. Through information available via the Internet;

  b. At libraries open to the public or from which the public can obtain documents;

c. Through subscriptions which are available without restriction to any individual who desires to obtain or purchase the published information;

d. Through patents available at any patent office;

e. Through unlimited distribution at a conference, meeting, seminar, trade show, or exhibition, generally accessible to the public, in the United States;

f. Through fundamental research in science and engineering at accredited institutions of higher learning in the United Sttes where the resulting information is ordinarily published and shared broadly in the scientific community; and

g. Through public release (*i.e.*, unlimited distribution) in any form (*e.g.*, not necessarily in published form) after approval by the cognizant United States government department or agency.

2.8. By the date of sentencing in this matter, seven days after acquittal, or by the date any appeal concludes, whichever of those dates are applicable and latest, the sentenced or acquitted defendant shall return to defense counsel any part of the Discovery in this case that was furnished to him or her by his or her defense attorney. To the extent any Protected Data was provided to the defendant pursuant to a subsequent order of the Court, the defendant shall also return any part of the Protected Data that was furnished to him or her.

2.9. By the date of sentencing in this matter, seven days after acquittal, or by the date any appeal concludes, whichever of those dates are applicable and latest, defense counsel for the sentenced or acquitted defendant shall direct all other persons they have authorized, or others who may have obtained copies of the Discovery and the Protected Data pursuant to their client's case, to return any copies of the Discovery and the Protected Data to defense counsel's office.

2.10. At the conclusion of this action, defense counsel shall return to government counsel or destroy all copies of the Discovery and the Protected Data in defense counsel's possession, including any such copies previously in the possession of all authorized persons and returned to defense counsel. This action will be deemed concluded after the completion of the final appeal in this matter, or if no appeal was filed, then at the expiration of the statute of limitations for the filing of any final appeal of any matter, including collateral review.

*- The rest of this page left intentionally blank. -*

**DATED** this ___ day of April, 2018.

Presented by:                                           Agreed:

DAYLE ELIESON
United States Attorney

/ s / Chad McHenry                                      / s / Lance Maningo
_____                             _____
CHAD W. MCHENRY                                         LANCE MANINGO, ESQ.
Assistant United States Attorney                        Counsel for Sergey Medvedev (#2)

/ s / Kelly Pearson                                     / s / Maysoun Fletcher
_____                             _____
KELLY PEARSON                                           MAYSOUN FLETCHER, ESQ.
Trial Attorney                                          Counsel for Frederick Thomas (#7)

                                                        / s / Alan Eisner
                                                        _____
                                                        ALAN EISNER, ESQ.
                                                        Counsel for Valerian Chiochiu (#12)

                                                        / s / Crane Pomerantz
                                                        _____
                                                        CRANE POMERANTZ, ESQ.
                                                        Counsel for John Telusma (#16)

                                                        / s / Thomas Ericsson
                                                        _____
                                                        THOMAS ERICSSON, ESQ.
                                                        Counsel for Jose Gamboa (#19)

                                                        / s / Todd Spodek
                                                        _____
                                                        TODD SPODEK, ESQ.
                                                        Counsel for Pius Wilson (#23)

                                                        / s / Brian Pugh
                                                        _____
                                                        BRIAN PUGH, AFPD
                                                        Counsel for David Vargas (#27)

# ORDER

Having reviewed the joint stipulation of the parties regarding a temporary protective order for the Discovery and the Protected Data in the above-captioned case, and good cause appearing,

IT IS SO ORDERED this 3rd day of May, 2018.

IT IS FURTHER ORDERED that this Order shall remain operative only until this Court has the opportunity to obtain briefing and hear any future argument by the parties regarding the Order's terms, and that this Order shall be superseded and rendered inoperative by any future Order issued by this Court governing access to the Discovery and the Protected Data in the above-captioned matter.

_____
Hon. Peggy A. Leen
United States Magistrate Judge
District of Nevada